UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

MICHAEL J. DEUTSCH,                          :

                 Plaintiff,              :

     -against-                              :
                          18 Civ. 11655 (VSB)
JPMORGAN CHASE & CO.,                        :
LIVE NATION ENTERTAINMENT, INC., and
TICKETMASTER ENTERTAINMENT, INC.,           :

               Defendants.          :

- - - - - - - - - - - - - - - - - - - - x


MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

ALEXANDER E. EISEMANN
Counsel for Plaintiff
  Michael J. Deutsch
20 Vesey Street, Suite 400
New York, New York 10007
(212) 420-8300


PETER DEUTSCH
Pro Hac Vice
Counsel for Plaintiff
  Michael J. Deutsch
5911 S.W. 33rd Terrace
Ft. Lauderdale, Florida 33312
(954) 232-9579

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

MICHAEL J. DEUTSCH,                          :

               Plaintiff,          :

   -against-                                 :
                          18 Civ. 11655 (VSB)
JPMORGAN CHASE & CO.,                        :
LIVE NATION ENTERTAINMENT, INC., and
TICKETMASTER ENTERTAINMENT, INC.,           :

              Defendants.         :

- - - - - - - - - - - - - - - - - - - - x

MEMORANDUM OF LAW IN SUPPORT OF
<u>PLAINTIFF'S MOTION TO AMEND THE COMPLAINT</u>

      Plaintiff Michael J. Deutsch ("Mr. Deutsch") respectfully submits this memorandum of law in support of his motion to amend the complaint.

<u>Proposed Amendments Generally</u>

      The reasons for most of the proposed amendments are set forth in the accompanying declaration of Alexander E. Eisemann, executed on October 21, 2019.  Mr. Deutsch respectfully refers the Court to that submission for an explanation of those.

      In this memorandum of law, Mr. Deutsch sets forth the authority for two particular, proposed amendments:  (1) the addition of facts, developed since the original complaint was filed, that would now support the dismissed claim for declaratory and equitable relief and (2) a clarification that the dismissed promissory-estoppel claim was included in the original complaint as an alternative/hypothetical cause of action to the breach of contract claim, not in additional to it.  Mr. Deutsch hopes that

these additional and/or clarified bases for these two claims will
result in their being permitted in an amended complaint.

<u>Claim for Declaratory and Equitable Relief</u>

In its Opinion and Order filed September 30, 2019, the
Court dismissed Mr. Deutsch's claim for declaratory and equitable
relief, accepting defendant Chase's argument that "the resolution
of Plaintiff's other claims 'would provide a sufficient remedy
obviating the need for declaratory or equitable relief.'"
Opinion at 10.  It also noted that Mr. Deutsch had "made no
showing that there is no adequate remedy at law for any of his
claims." <u>Id</u>. at 10-11.

Since the filing of the original complaint, Mr. Deutsch
has suffered a dramatic drop in his credit score, solely because
of Chase's wrongful reporting to the three major credit bureaus
that he is delinquent in paying more than $100,000 in credit-card
charges.  As a result, and as is now alleged in the proposed,
amended complaint, his reputation in the business community is
being ruined.  It stands to be damaged even more if the Court
does not direct Chase to stop its false reporting of a delinquent
account to the credit bureaus.

The Federal Rules of Civil Procedure permit a plaintiff
to supplement a complaint to capture events that have occurred
since its filing.  Specifically, Rule 15(d) provides:

> (d) <u>Supplemental Pleadings</u>.  On motion and reasonable
> notice, the court may, on just terms, permit a party to
> serve a supplemental pleading setting out any
> transaction, occurrence, or event that happened after
> the date of the pleading to be supplemented.  The court
> may permit supplementation even though the original

-2-

> pleading is defective in stating a claim or defense.
> The court may order that the opposing party plead to
> the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

Mr. Deutsch respectfully submits that the irreparable harm associated with the continuing loss of his business reputation, a loss the Court can stop from worsening by granting equitable relief, is a sufficient basis to sustain a claim for equitable relief.  Accordingly, he respectfully requests leave to amend the complaint to add, or to support, that claim for relief now.

In addition, even if all of Mr. Deutsch's other bases for affirmative monetary relief--Truth in Lending Act violations, breach of contract, false advertising and, if permitted, promissory estoppel--are ultimately not sustained, but the Court nevertheless finds that Chase cannot hold Mr. Deutsch liable for the Ayson charges, then a declaration under the Declaratory Judgment Act that he is not liable for them would provide an appropriate remedy and an ensuing order to Chase to stop its false reporting of the contrary to the credit bureaus would be a fair and appropriate form of equitable relief.

Thus, Mr. Deutsch respectfully submits, a request for a declaratory judgment and equitable relief go hand in hand.  The Court, he submits, should ultimately declare that Mr. Deutsch is not liable for the Ayson charges and, based on that finding, should order Chase to take steps to remove the inaccurate reporting to the credit bureaus.  For that reason, he

respectfully requests that both aspects of his first claim for relief, declaratory and equitable relief, be permitted in the proposed amended complaint.  In the alternative, he respectfully requests that the claim for equitable relief remain even if the Court does not permit the assertion of a claim for declaratory relief.

Promissory Estoppel Claim

In its Opinion, the Court dismissed Mr. Deutsch's promissory-estoppel claim on the theory that courts do not entertain contract claims and promissory-estoppel claims in the same complaint.  Opinion at 16-17.  Nevertheless, Federal Rules of Civil Procedure 8(d) and 8(e) do provide a plaintiff with the opportunity to plead claims in the alternative, stating in pertinent part:

> (2) Alternative Statements of a Claim or Defense.  A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
>
> (3) Inconsistent Claims or Defenses.  A party may state as many separate claims or defenses as it has, regardless of consistency.
>
> (e) Construing Pleadings.  Pleadings must be construed so as to do justice.

Fed. R. Civ. P. 8(d)(2)-(e).

The original complaint was not explicit in alleging the promissory-estoppel claim as an alternative or hypothetical cause of action.  The proposed amended complaint does that explicitly to cover the possible rejection of Mr. Deutsch's contract claim

by the Court or the trier of fact and the ability, in that case, to sustain the alternative cause of action of promissory estoppel.

In other words, if the Court or a trier of fact determined that Chase's promise to notify Mr. Deutsch about suspicious charges was not contractual for any reason, then Mr. Deutsch would rely on the alternative theory that even without any consideration and even without any of the requisite elements of a contract, Chase's promise was still one upon which Mr. Deutsch relied to his detriment and, if his contract claim is not sustained, the Court or the trier of fact would still have a basis to find that the broken promise was actionable under a non-contract theory.

He respectfully submits that the purpose of Rule 8(d) is to permit exactly what the proposed amended complaint does now--allege two different causes of action in the alternative. Accordingly, he respectfully requests leave to file the proposed amended complaint with both of those alternative claims in it. He further and respectfully submits that by stating, explicitly that the breach-of-contract and promissory-estoppel claims are alternatives, the proposed amended contract provides a basis to include both.

<u>Conclusion</u>

For the reasons set forth above, Mr. Deutsch respectfully requests leave to file the proposed amended complaint that accompanies this memorandum of law.

Dated:  New York, New York
        October 21, 2019

_____
ALEXANDER E. EISEMANN AE5405
Counsel for Plaintiff
    Michael J. Deutsch
20 Vesey Street, Suite 400
New York, New York 10007
(212) 420-8300
aee@eislaw.com

 /s/   Peter Deutsch
_____
PETER DEUTSCH
Pro Hac Vice
Counsel for Plaintiff
    Michael J. Deutsch
5911 S.W. 33rd Terrace
Ft. Lauderdale, Florida 33312
(954) 232-9579